**SEALED**

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| United States of America | ) |
|---|---|
| v. | ) |
| Gabriel Hurtado-Cariaco | ) Case No. 8:25MJ374 |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## AMENDED CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 18, 2025  in the county of  Sarpy  in the
 District of  Nebraska , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18:1114(a) and (a)(3) | Attempted Murder of a Federal Officer |
| 18:111(b)(1) | Assault of a Federal Officer with Infliction of Bodily Injury |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable electronic means.

*Complainant's signature*

Craig Allrich, HSI Special Agent
*Printed name and title*

Date: 6/19/2025

*Judge's signature*

City and state:  Omaha, Nebraska   Ryan C. Carson, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL HURTADO-CARIACO,<br><br>Defendant. | 8:25MJ374 |

**AMENDED AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
FOR THE ARREST OF GABRIEL HURTADO-CARIACO**

I, Craig A Allrich, a Special Agent employed by U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn, do depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent (SA) with the Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have received formal training at the Federal Law Enforcement Training Center (FLETC) and elsewhere in criminal investigation techniques and procedures. I have been an ICE agent since 2009 and am responsible for conducting criminal investigations of the criminal statues contained in the Immigration and Nationality Act, as well as other related offenses contained in Titles 8 and 18 of the United States Code. I have participated in organized crime and gang investigations, as well as investigations involving violent offenses.

2. The information contained in this affidavit is based on my training and experience, my actual knowledge of this investigation, as well as information obtained from other law enforcement officers involved in the investigation.

1

**PROBABLE CAUSE**

3.      On Tuesday, June 18, 2025, Special Agents (SA) with Homeland Security Investigations (HSI) ("Victim 1") and Federal Bureau of Investigation (FBI) ("Victim 2"), encountered Gabriel HURTADO-Cariaco, following a law enforcement encounter near 2403 Lillian Street, Bellevue, NE 68147.  Law enforcement lights and sirens were activated during the encounter.

4.      Prior to the stop, agents from Immigration and Customs Enforcement Removal Operations had issued a signed I-200 "warrant of arrest of Alien" for Gabriel HURTADO-Cariaco.

5.      Victim 1 and Victim 2 arrived at an apartment complex in Bellevue, Nebraska, in the District of Nebraska that was associated with HURTADO-Cariaco. Victim 1 observed HURTADO-Cariaco drive past her, and Victim 1 was then able to identify HURTADO-Cariaco, who exited his vehicle with his arms raised, and Victim 1 and Victim 2, wearing respectively marked vests with "HSI" and "FBI" approached HURTADO-Cariaco to take him into custody on the warrant.  The agents wore other insignia and police gear, and both agents gave commands in Spanish to HURTADO-Cariaco throughout the encounter in his native language of Spanish.  Initially, HURTADO-Cariaco made gestures and took a physical posture that signaled non-verbally to the agents that he would be compliant. Victim 1 and Victim 2 then walked closer to HURTADO-Cariaco to attempt to place him into custody.

6.      Once Victim 1 and Victim 2 were close to HURTADO-Cariaco, he suddenly began to violently resist their efforts to place him into custody.  It appeared to Victim 1 as though HURTADO-Cariaco pretended to be compliant in order to draw the

agents closer. At one point while HURTADO-Cariaco was twisting, fighting, and pushing against Victim 1, he violently threw himself against Victim 1, launching Victim 1 into the air and causing Victim 1's head to smack harshly against the ground. Victim 1 injured her head and elbow, but Victim 1 rose up off the ground and began to try again to get HURTADO-Cariaco into federal custody. HURTADO-Cariaco continued to fight and resist both Victim 1 and Victim 2. Victims 1 and 2 worked together to restrain HURTADO-Cariaco and place handcuffs on HURTADO-Cariaco and that caused an even more violent reaction from HURTADO-Cariaco.

7. As Victim 1 and Victim 2 attempted to handcuff HURTADO-Cariaco, HURTADO-Cariaco became more resistant and more violent. At one point, both Victim 1 and HURTADO-Cariaco fell to the ground together as Victim 1 struggled to gain full control of HURTADO-Cariaco. HURTADO-Cariaco was then able to get control of Victim 1 and to place Victim 1 into a chokehold. I am familiar in my training and experience as a law enforcement officer with the fact that a chokehold is considered deadly force. Victim 2 then began to give commands in Spanish for HURTADO-Cariaco to release Victim 1. HURTADO-Cariaco continued to keep Victim 1's neck in a chokehold. HURTADO-Cariaco appeared to choose to continue choking Victim 1 rather than simply flee the scene. Eventually, Victim 2 was forced to also place HURTADO-Cariaco in a chokehold and to apply deadly force to HURTADO-Cariaco in order to get HURTADO-Cariaco to stop choking Victim 1. Finally, Victim 2's chokehold caused HURTADO-Cariaco to release Victim 1's neck. HURTADO-Cariaco then continued to fight and resist Victim 2. HURTADO-Cariaco was able to break free of Victim 2's hold. HURTADO-Cariaco then fled the area on foot.

8. HURTADO-Cariaco fled the area, and Victim 1 and Victim 2 continued to pursue him, and they requested assistance from law enforcement in the area. HURTADO-Cariaco was later located at his apartment and placed under arrest without further incident.

9. Victim 1 was transported to a local hospital. She was admitted to the hospital due to concerns over a possibly broken elbow, concussion, and to check her vitals following the chokehold from HURTADO-Cariaco. HURTADO-Cariaco was arrested with visible lacerations from the struggle. Notably, on HURTADO-Cariaco's forearm, was a prominent tattoo of a clock with an "all seeing eye." HURTADO-Cariaco was associated to the Tren de Aragua gang by ICE Enforcement officers prior to the attacks on Victim 1 and Victim 2 on June 18, 2025. At the time that HURTADO-Cariaco was being taken into custody, he was advised by another federal officer that he would be going to federal jail, and HURTADO-Cariaco made statements to the effect that he wished to be held in Colorado and knew people and had friends in Colorado. The prominent tattoo on HURTADO-Cariaco's forearm, along with ERO's information on HURTADO-Cariaco's associates in the Tren de Aragua gang and the fact that HURTADO-Cariaco desired to go to Colorado prison were indicative to HSI personnel on scene that he was likely also a Tren de Aragua gang member or close associate.

10. HURTADO-Cariaco advised ICE officers that he entered the United States without inspection and further claimed to be a citizen of Venezuela at the time of his arrest on June 18, 2025. HURTADO-Cariaco claimed that he was a First Sergeant in the Venezuelan military from 2013 to 2018 but also added that he "deserted" the Venezuelan military.

11. Victim 1 and Victim 2 were acting in the scope of their official duties under 18 U.S.C. § 1114.

12. Based on these facts, your Affiant has reason to believe HURTADO-Cariaco inflicted bodily injury, assaulted, resisted, opposed, impeded, intimidated, or interfered with federal law enforcement officers, that is Victim 1, and attempted tom murder Victim 1, while Victm 1 was performing official duties, in violation of Title 18, USC, Section 111(b)(1) and Title 18, USC, Section 1114(a) and (a)(3).

13. Your Affiant declares under the penalty of perjury that the foregoing facts and circumstances are true and correct to the best of his knowledge and belief.

_____
Craig Allrich
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me by telephone or other reliable electronic means on this 19th day of June 2025.

_____
RYAN C. CARSON
United States Magistrate Judge

5