IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| United States of America, | ) | Case No. 8:25cr160 |
|     Plaintiff, | ) | |
| | ) | **Brief in support of motion to** |
| v. | ) | **dismiss Counts I, II, III, and** |
| | ) | **IV** |
| Gabriel Hurtado-Cariaco | ) | |
|     Defendant. | ) | |

Defendant Gabriel Hurtado Cariaco has moved to dismiss Counts I, II, III, and IV of the Superseding Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B) for failure to state an offense (as to Counts I-IV), lack of specificity (as to Count I), and duplicity (as to Counts I and II). He has also, alternatively, moved to strike surplusage within Count I under Rule 7(d) and to compel the United States to make the allegation in Count I more specific under Rule 12(b)(3)(B).

He offers this brief in support of his motion to dismiss.

**Count I – Failure to state an offense, lack of specificity, surplusage, and duplicity**

Count I alleges that Mr. Hurtado Cariaco provided, or attempted to provide, material support and resources to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B. The "material support and resources" that Count I alleges Mr. Hurtado Cariaco provided or attempted to provide were: "to wit, himself as personnel and by assaulting a federal officer." This count is defective in several ways and the only way to fix it is to dismiss it or to strike as surplusage the words "and by assaulting a federal officer." Should to Court opt to merely strike the offending surplusage, it should nonetheless require the United States to make the

allegation that Mr. Hurtado Cariaco provided or attempted to provide himself as "personnel" more specific.

Section 2339A(b)(1) to Title 18, U.S. Code, defines "material support or resources" for 18 U.S.C. § 2339B. *See* 18 U.S.C. § 2339B(g)(4). This section reads:

> [T]he term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

18 U.S.C. § 2339A(b)(1). Assault does not appear anywhere within the statutory definition of "material support or resources." Under the plain language of the statute, "assaulting a federal officer" cannot and does not constitute "material support or resources." This inclusion of this language renders the count fatally defective.

**Surplusage**

At a minimum, the offending language ought to be stricken as prejudicial surplusage. Gabriel Hurtado Cariaco moves to strike "and by assaulting a federal officer" as surplusage from Count I.

Federal Rule of Criminal Procedure 7(c)(1) requires the indictment to be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Under Federal Rule of Criminal Procedure 7(d), a court may strike surplusage from the indictment "as a means of protecting the defendant against immaterial or irrelevant allegations…which may, however, be prejudicial." *See*

*United States v. Jawahar,* Case No. 4:23CR718, 2025 WL 2939112, *2 (E.D. Mo. Oct. 16, 2025). Such motions are in the court's discretion and "should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *Id.* (*quoting United States v. DeRosier,* 501 F.3d 888, 897 (8th Cir. 2007)).

Here, the wording of Count I suggests to the jury that "assaulting a federal officer" (if it could be proven) is a recognized means of providing material support or resources. The statute says otherwise. This language wrongly allows the elements of Counts I and II-IV to bleed together in a way that is, at best, confusing and, at worst, provides the jury and Court with a plainly incorrect statement of the law. The Court should strike this language under Rule 7(d).

**Failure to state an offense and duplicity**

Moreover, this clause – "to wit, himself as personnel and by assaulting a federal officer" – is duplicitous and creates both the risk of a non-unanimous jury verdict and the risk of conviction of a non-offense.

Notwithstanding the use of the word "and," Count I alleges two *alternative* means of providing support: (1) "himself as personnel" or (2) "by assaulting a federal officer." "[T]he government can prove its case in the disjunctive where the indictment alleges, in the conjunctive, that the defendant committed the same offense…in more than one way." *United States v. Spencer,* 592 F.3d 866, 875 (8th Cir. 2010) (citing *United States v. Lueth,* 807 F.2d 719, 733-34 (8th Cir. 1986)). Because of the rules of conjunctive and disjunctive pleading, the government is alleging that this offense

*can be proven* if Mr. Hurtado Cariaco provided himself as personnel *or* assaulted a federal officer. The latter (*i.e.,* the allegation that Mr. Hurtado Cariaco provided material support or resources by assaulting an officer) is not recognized under 18 U.S.C. §§ 2339A and 2339B and fails to state an offense.

Leaving the "by assaulting a federal officer" language in Count I runs the risk of a non-unanimous jury and duplicity. *See United States v. Karam,* 37 F.3d 1280, 1286 (8th Cir. 1994) ("The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to an offense.") That is, that language risks a jury verdict where part of the jury votes on one theory and part votes on another. Worse, it runs of the risk of Mr. Hurtado Cariaco being convicted – unanimously or otherwise – of a non-offense: *i.e.,* providing or attempting to provide material support or resources to a foreign terrorist organization by assaulting a federal officer.

Striking the language "and by assaulting a federal officer" is the only way to avoid the prejudice of surplusage, the possibility of a non-unanimous verdict, and the risk of conviction of a non-offense.

**Lack of specificity**

Even with the offending "and by assaulting a federal officer" language stricken from Count I, the count still suffers from a lack of specificity. Section 2339B(h) provides parameters for cases where the only support alleged is "personnel":

> **(h) Provision of personnel.**--No person may be prosecuted under this section in connection with the term "personnel" unless that person has

> knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

18 U.S.C. § 2339B(h). Within the superseding indictment, Count I does not define, and does not attempt to define, in what way Mr. Hurtado Cariaco "knowingly provided" himself as personnel or how he "work[ed] under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization." As currently written, the count alleges simply that Mr. Hurtado Cariaco was a 'member' of a gang, without more. And without more, Count I is fatally unspecific because Mr. Hurtado Cariaco cannot possibly defend against so broad an allegation. Count I should be dismissed under Rule 12(b)(3)(B)(iii). In the alternative, the Court should compel the government to make the remaining allegations sufficiently specific.

**Count II – Failure to state an offense and duplicity**

Count II is also fatally defective and should be dismissed under Rule 12(b)(3)(B).

Section 111 effectively creates distinct three offenses: a (0-to-1-year) misdemeanor and a (0-to-8-year) felony within § 111(a) and a second (0-to-20-year) felony in § 111(b). *See United States v. Yates,* 304 F.3d 818, 821-22 (8th Cir. 2002) and *United States v. Vela,* 624 F.3d 1148, 1159 (9th Cir. 2010). To prove the § 111(b) felony, the government must prove one of the § 111(b) facts – use of a deadly or

dangerous weapon, or the infliction of bodily injury, in the commission of the § 111(a) act(s) – beyond a reasonable doubt. *Yates*, 304 F.3d at 823.

Count II alleges a violation of 18 U.S.C § 111(a)(1) and (b). As worded, though, Count II alleges that Mr. Hurtado Cariaco "caused physical contact and inflicted bodily injury." This language, pled in the conjunctive, conflates, joins, and misstates the eight-year-max trigger – "involve physical contact" – and one of the twenty-year-max triggers – "inflict bodily injury."

First, to the extent that Count II alleges that Mr. Hurtado Cariaco "caused" physical contact, the count fails to allege the eight-year-max offense (which requires: (1) the defendant's § 111(a) *act(s)* (2) to *involve* physical contact).

Second, to the extent that Count II attempts to allege the 20-year-max, it includes surplusage ("and caused physical contact"), is duplicitous (attempting, it would seem, to allege both the eight- and twenty-year offenses), and fails to allege an element, *i.e.,* that Mr. Hurtado Cariaco's § 111(a)(1) *act(s)* inflicted bodily injury *to* Victim 1. (It only says "while.")

"'Duplicity' is the joining in a single count of two or more distinct and separate offenses. The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995) (*quoting Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973) and *Karam*, 37 F.3d at 1286 (internal quotation marks omitted)).

To be sure, in *Street*, the Eighth Circuit held that an indictment alleging the *divers § 111(a) acts* was not duplicitous. But here, the allegation of multiple § 111(a)(1) acts doesn't render Count II duplicitous; the (apparent) attempt to allege the two different § 111 felonies does. The *Street* Court supported this interpretation: "Section 111(a)(1) defines a single crime, not multiple offenses…The statute lists all of the acts of violation in one sentence, and imposes *a single penalty for all of them*, 'a construction which indicates that Congress did not mean to create more than one offense.'" *Id.* (emphasis added) (*quoting United States v. Mal*, 942 F.2d 682, 688 (9th Cir. 1991.) That is, to the *Street* Court, because § 111(a)(1) acts yield the same penalty, they are not duplicitous. The naturally corollary is that the § 111 offenses that yield *different* penalties would be duplicitous and must be alleged separately.

Count II's inclusion of the both the § 111(a)(1) felony language (physical contact) and the §111(b) enhanced-penalty element (inflicting bodily injury) substantially compounds the number of possible verdicts. Separate § 111 offenses must be alleged separately.

Count II must be dismissed.

**Counts III and IV – Failure to state an offense**

Finally, Counts III and IV are fatally defective and should be dismissd.

Both Counts III and IV allege violations of 18 U.S.C. § 111(a)(1), which punishes "[w]hoever…forcibly assaults, resists, impedes, opposes, impedes, intimidates, or interferes with" certain federal officers who are performing official duties. Counts III and IV, however, do not allege "forcibl[e]" acts. They only allege

that Mr. Hurtado Cariaco "voluntarily and intentionally resist[ed], oppose[d], impede[d], intimidate[d], or interfere[d]" with the officers. That these acts be committed "forcibly" is a critical element of a § 111 offense. *See United States v. Arrington,* 309 F.3d 40, 47 (D.C. Cir. 2002) (holding that "forcibly" modifies each of the § 111(a)(1) verbs, not simply "assault" and that, per *United States v. Heid*, 904 F.2d 69, 71 (D.C. Cir. 1994), trial courts ought to instruct juries "[b]efore you can find the defendant guilty, you must find beyond a reasonable doubt that the defendant acted forcibly.")

Counts III's and IV's omission of "forcibly" impermissibly risks Mr. Hurtado Cariaco's conviction for acts that do not rise to the level of § 111(a)(1), *i.e.,* non-forcibly or negligently opposing, resisting, impeding, intimidating, or interfering with a federal officer. These counts fail to state an offense under 18 U.S.C. § 111 and must be dismissed.

Separately, Counts III and IV (and the corresponding criminal cover sheet) seemingly allege that this offense carries an eight-year statutory maximum penalty. The eight-year maximum penalty, however, is reserved for "assaults" "involv[ing] physical contact" or the intent to commit another felony – none of which is alleged in Counts III and IV.

**Conclusion**

WHEREFORE, Gabriel Hurtado Cariaco moves the Court again to dismiss all four counts in the Superseding Indictment. In the alternative, he asks the Court to

strike language within Count I as surplusage and/or to order the government to make more specific an allegation in Count I.

He submits that this motion can be ruled upon without a hearing.

                                            By:   /s/ Richard H. McWilliams
                                                        **Federal Public Defender**
                                                        222 South 15th Street, Ste. 300N
                                                        Omaha, NE 68102
                                                        (402) 221-7896
                                                        Rich_mcwilliams@fd.org